IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBIN B. FINLEY,

                Plaintiff,

v.                                            CIVIL  ACTION  NO.  2:04-0646

JOANNE BARNHART,
Commissioner of Social Security,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Mary Stanley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the plaintiff's motion for judgment on the pleadings be denied, that the like motion of the defendant be granted, and the decision of the Commissioner be affirmed.  The plaintiff now objects to the findings and recommendation.

### Background

The plaintiff filed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433 on January 25, 2002.  He claimed that he was disabled as of September 7, 1996, due to a right brachial plexis injury caused by a gunshot wound.  An administrative law judge (ALJ) conducted a hearing on an appeal from an initial and reconsidered denial of benefits.  The ALJ found that the plaintiff has a residual functional capacity for sedentary work, reduced by nonexertional limitations.  Though the ALJ found the plaintiff could not return to his past relevant work, he could perform such jobs as sorter/grader/inspector and bench-table worker.  Accordingly, the ALJ

determined that the plaintiff was not disabled.  The ALJ's conclusion became the final decision of the Commissioner when the Appeals Council declined to review it.  The plaintiff then filed this action on June 24, 2004, seeking review of the Commissioner's decision and requesting reversal or remand.  The plaintiff and the defendant filed cross motions for summary judgment, and Magistrate Judge Stanley entered her proposed findings and recommendation on June 15, 2005, concluding that substantial evidence supported the Commissioner's decision.  The plaintiff filed objections to the proposed findings and recommendation on June 24, 2005.

### Standard of Review

This Court must "make a *de novo* determination of those portions of the . . . [magistrate judge's] proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The scope of this Court's review of the Commissioner's decision, however, is narrow: this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)*; see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Craig*, 76 F.3d at 589; *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' " (citation omitted)).

In conducting this review, this Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his or her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4) (1999).

It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who decides. *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)).

Applying these standards, the Court reviewed *de novo* those portions of the findings and recommendation to which the plaintiff objected. For the reasons set forth below, the Court **DENIES** the plaintiff's objections and **ACCEPTS** and **INCORPORATES** the findings and recommendation of the

Magistrate Judge, which **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of the defendant and **AFFIRMS** the decision of the Commissioner.

<u>Analysis</u>

The plaintiff filed three objections to the Magistrate Judge's findings and recommendation. First, he contends that the Magistrate Judge erred in her consideration of the ALJ's ruling on the plaintiff's mental impairment. Second, the plaintiff contends that the Magistrate Judge did not give proper consideration to the evidence concerning the plaintiff's residual functional capacity. Finally, the plaintiff argues that the Magistrate Judge should have considered the plaintiff's pulmonary condition. The Court will address each of these objections in turn.

The plaintiff contends that the Magistrate Judge erred in her consideration of the ALJ's ruling on the plaintiff's mental impairment and as such the recommendations of the Magistrate Judge should be rejected. Specifically, the plaintiff argues that the ALJ, in rejecting the opinion of Ms. Browning, improperly relied on his own interpretation of the medical data rather than the conclusions of the physician. The record shows that the ALJ considered all of the evidence of the plaintiff's mental impairment and made determinations as the fact-finder as to the reliability of that evidence. The ALJ found that the plaintiff suffered from a combination of mental impairments, including depression and post-traumatic stress syndrome. In reviewing the evidence, the ALJ noted that during the relevant time period (September 11, 1998 through December 31, 2001), the plaintiff received outpatient mental health treatment including medication for a limited period of time from August to December, 1999. The plaintiff's outpatient care ended when workers' compensation withdrew authorization following a psychiatric exam. The ALJ noted that the plaintiff did not submit the records of his mental health treatment nor his psychiatric exam into evidence. The ALJ also noted that the only other evidence

-4-

regarding the plaintiff's mental impairments from the relevant time period are found in the notes of his treating physician, Dr. Kohari.  The ALJ indicated that Dr. Kohari noted complaints of nightmares and flashbacks of the shooting on one visit in August, 1999, and flat affect/and or poor eye contact on five of the six visits during the relevant time period.  The ALJ also noted that Dr. Kohari listed depression as a condition presenting for clinical attention on three occasions and included post-traumatic stress and depression in December, 1999.  However, the ALJ also indicated that Dr. Kohari's treatment notes did not contain any more elaborate observations as described above.  Additionally, in an evaluation for DHHR in January, 2003, Dr. Kohari simply noted a dull affect and poor eye contact.  The ALJ also noted that it does not appear that Dr. Kohari ever prescribed medication or counseling nor did he refer the plaintiff for psychiatric evaluation during the relevant time period.

The ALJ also considered evidence of the plaintiff's mental impairments from before and after the relevant time period.  The ALJ noted the plaintiff was evaluated by Mr. Koch in June, 1998, three months prior to the relevant time period, pursuant to a prior application.  During that evaluation, Mr. Koch, a licensed psychologist, "observed a normal metal status examination except for a 'somewhat constrict' affect and 'an overall slowing of activity level.'" (Tr. at 21).

The ALJ reviewed the evaluation and opinions of Ms. Browning, a supervised psychologist.  Ms. Browning examined the plaintiff at the request of DHHR in connection with the plaintiff's application for state assistance in March, 2003, 15 months after his date last insured.  The ALJ noted the plaintiff's mental status at the time of his exam with Ms. Browning was unremarkable except for a depressed mood and a flat, constricted affect.  Ms. Browning rejected the plaintiff's results on the MMPI-2 due to a concern for exaggerated symptoms for secondary gain.  The ALJ also indicated that Ms. Browning gave the plaintiff a score of 60 on the Global Assessment of Functioning (GAF) Scale, indicating moderate, bordering on mild symptoms or difficulty functioning.  The ALJ found the medical assessment made by Ms. Browning in April, 2003, as to the plaintiff's ability to perform work-related mental activities to not be fully

supported by her clinical and laboratory findings.  For example, the ALJ pointed out that though Ms. Browning assessed the plaintiff as having poor abilities to relate to coworkers and deal with the public, she also observed "fair" social judgment and concluded that the plaintiff's ability to communicate with others or integrate into society was appropriate and without impairment.  The ALJ felt that Ms. Browning's assessment was compromised by her concern for the plaintiff's financial stresses and his ability to pay for needed medical care.

The ALJ, after considering the evidence of the plaintiff's psychological evaluations from before and after the relevant time period, found that the evidence did not reveal significantly more severe symptoms, that might reflect upon the severity of the plaintiff's mental impairments in the interim.  The ALJ also noted that during the relevant time period the plaintiff was able to maintain his own residence, handle his own finances, and maintain ambitions to develop a new career (including attending two semesters of vocational training).  The Court finds that the ALJ carefully considered the evidence as to the plaintiff's mental impairments contained in the record and sufficiently explained his rationale in crediting or discrediting certain evidence.  Also, the ALJ's decision to rely more on the opinion of Mr. Koch than Ms. Browning was reasonable given that Mr. Koch's examination occurred closer in time to the expiration of the plaintiff's insured status.  Additionally, Mr. Koch's opinion was supported by the evidence regarding the plaintiff's mental condition during the relevant time period.  Therefore, the Court finds that the  ALJ's decision is supported by substantial evidence and the plaintiff's objection is denied.

The plaintiff also objects that the ALJ did not give proper consideration to the evidence regarding the plaintiff's residual functional capacity.  The ALJ found that the plaintiff has residual functional capacity for sedentary work, reduced by nonexertional limitations.  The plaintiff contends that there is no evidence from a treating or credible examining source to support the ALJ's opinion.

In reaching his decision regarding the plaintiff's residual functional capacity, the ALJ carefully considered the evidence contained in the record. The ALJ noted that Dr. Kohari, the plaintiff's treating physician, testified to the state employee's retirement board that the plaintiff was "totally and permanently disabled." The ALJ noted that while Dr. Kohari's opinion includes his diagnosis of brachial plexus injury and chronic pain syndrome, it is unsupported by any clinical or laboratory findings or rationale. The ALJ additionally rejected Dr. Kohari's January, 2003 opinion to DHHR that the plaintiff was unable to perform full-time work for an indefinite period of time little weight for the following reasons: "the passage of time since the date last insured; the limited restriction related to the [plaintiff's] right shoulder impairment...; the consideration of a new impairment (restricted ability to sit secondary to a left knee condition); the consideration of depression as a major impairment despite the lack of any psychologically-based limitations being identified in his treatment record; and the purpose fo the DHHR evaluation." (Tr. at 22).

The ALJ also considered the opinion of Dr. Shelton who certified to the state employee's retirement board in February, 2003, that the plaintiff was "totally and permanently incapacitated for employment." The ALJ found that Dr. Shelton's opinion was not supported by his clinical findings. Specifically, the ALJ noted that Dr. Shelton relied on the plaintiff's self-reported medical history and psychological symptoms. Finally, the ALJ considered the opinion of Dr. Burns, the consultative medical examiner whose examination was closer to the date of last insured. The ALJ noted that Dr. Burns found that the plaintiff had the ability to perform basic physical work activities and that he had a normal mood, affect and ability to relate. The ALJ explained that he gave significant weight to the opinion of the state agency medical consultants because although they did not examine the plaintiff, "they provided specific reasons for their opinions about the [plaintiff's] residual functional capacity, showing that their opinions were well-grounded in the medical and other evidence of the record." (Tr. at 22). The plaintiff contends that the opinion of Dr. Burns is contrary to the medical evidence in the record and should have been given no weight. Additionally, the plaintiff, in his objections, lists the diagnosis of three other physicians.

However, these physicians merely provide diagnosis as to the plaintiff's condition and do not provide opinions as to the relevant question to which the plaintiff objects, his residual functional capacity. The Court finds that the ALJ carefully considered the medical evidence in the record relating to the plaintiff's residual functional capacity and made findings of fact, credibility determinations and resolved conflicts in the evidence. The Court finds that the ALJ's findings as to the plaintiff's residual functional capacity was supported by substantial evidence and therefore, the objection is denied.

Finally, the plaintiff objects to the fact that the plaintiff's pulmonary condition was not addressed by the ALJ. Reviewing the transcript of the hearing before the ALJ, the Court notes that the plaintiff did not describe any breathing difficulties. Additionally, a review of the evidence shows that the plaintiff's treating physician, Dr. Kohari, repeatedly found the plaintiff's lungs to be clear during the relevant time period. Dr. Burns also noted in his opinion that the plaintiff's chest was clear. Finally, the Magistrate Judge also noted that a ventilatory function study conducted on the plaintiff on July 21, 1998, was normal. The plaintiff, in contrast, points to one study conducted by Dr. Younes on September 18, 1996, more than two years before the relevant time period, relating to pulmonary problems. Therefore, the Court finds that the ALJ did not err in failing to find the plaintiff's pulmonary problems severe and thus did not address them.

## Conclusion

Based on a review of the record and the ALJ's decision, the Court finds it is supported by substantial evidence. Therefore, the Court **DENIES** the plaintiff's objections and **ACCEPTS** and **INCORPORATES** the findings and recommendation of the Magistrate Judge, which **DENIES** the plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of the defendant and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this written order to Magistrate Judge Stanley, counsel of record and any unrepresented parties.

ENTER:        September 28, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE